09-4526-ag
Chen v. Holder

BIA
A070 505 347

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand eleven.

PRESENT:
JOSEPH M. McLAUGHLIN,
ROBERT A. KATZMANN,
PETER W. HALL,
    *Circuit Judges*.

_____

BAO LING CHEN,
    *Petitioner*,

      v.                        09-4526-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES,
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:         Nathan Weill, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Bao Ling Chen, a native and citizen of China, seeks review of an October 5, 2009 order of the BIA denying his motion to reopen. *In re Bao Ling Chen*, No. A070 505 347 (B.I.A. Oct. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA entered the final administrative order on April 26, 1999, and Chen did not file his motion to reopen until August 6, 2009. Chen argues that the BIA abused its discretion in declining to excuse the 90-day filing deadline applicable to his motion to reopen. However, Chen failed to address the issue of the timeliness of his motion, and his eligibility for an adjustment of status does not constitute an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing

2

"that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board"). Accordingly, we find no abuse of discretion in the BIA's denial of Chen's motion to reopen.

Moreover, we lack jurisdiction to consider Chen's argument that the BIA should have exercised its authority to reopen *sua sponte* his exclusion proceedings based on the regulations that now permit Chen to pursue statutorily an adjustment of status. The BIA's determination as to whether it will exercise its authority to reopen proceedings *sua sponte* is entirely discretionary and thus beyond the scope of our jurisdiction. *See Ali*, 448 F.3d at 518. Although remand may be appropriate "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there is no indication here that the BIA misperceived the law in declining to reopen proceedings *sua sponte*, *see Matter of Yauri*, 25 I. & N. Dec. at 110-12 (holding that Agency ordinarily lacks discretion to reopen untimely motions pending adjudication

3

of applications for adjustment of status and thus concluding that an arriving alien's eligibility for adjustment of status did not present exceptional circumstances warranting *sua sponte* reopening).

For the foregoing reasons, the portion of the petition for review of the BIA's denial of Chen's motion to reopen is DENIED and the portion of the petition for review of the BIA's decision not to exercise its *sua sponte* authority to reopen Chen's exclusion proceedings is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4